### JOHN WILDS, plaintiff in error, v. WILLIAM GREEN, defendant in error.

High Court of Errors and Appeals. June 12, 1817.

*Ridgely's Notebook I, 20.*

*Hall* for plaintiff in error. *Clayton* for defendant.

This was an action of debt. William Green, the plaintiff below, declared on a bond dated February 21, 1803, for $1000.

The defendant below, John Wilds, craved *oyer* which was granted, and pleaded performance generally and specially. The plaintiff replied generally and specially, and issue.

Neither the bond, nor condition appear on the record returned. The record, after the plea and issue, goes on thus:

> And now to wit this 16 May, 1814, the jurors by the sheriff summoned, impannelled and returned, to wit . . . being called and only six of them, to wit . . . come and are sworn and affirmed upon this jury, and because the rest of the jurors of the same jury did not appear, therefore others of the bystanders being immediately returned by the sheriff at the request of the parties aforesaid and by order of the Court are appointed anew, whose names are affixed to the panel aforesaid according to the form of the

statutes in such case made and provided, which said jurors so appointed anew, to wit, . . . being likewise called come and together with the said . . . the other jurors aforesaid impannelled sworn or affirmed, being elected tried and sworn or affirmed to speak the truth of and upon the premises, do say that they find for the plaintiff for the sum mentioned in the *narr.* to be released on the payment of $177.77 with 6 cents costs beside the costs expended, and so they say all. Judgment *nisi.*

August Term, 1814. Plaintiff in error assigned the following errors:

1. The declaration is not sufficient in law for the said W. Green to have and maintain his aforesaid action against the said John Wilds.

2. The replications aforesaid are double and insufficient.

3. That the replications aforesaid, or either of them, or in any part of the record aforesaid no special breach of the condition of the writing obligatory aforesaid is assigned, suggested or stated, whereas by law there ought to have been a breach of said condition specially assigned.

4. Error, that the verdict aforesaid is insufficient in law.

5. That it does not sufficiently appear by the record aforesaid that the jurors aforesaid were summoned, or returned by the sheriff, according to the form of the Act of the General Assembly in such case made and provided.

6. That it does not appear by the record aforesaid that a panel of said jurors or of the *tales de circumstantibus* was made or returned by the sheriff according to law.

7. That the said jurors who tried the issues, or any of them, were not summoned and returned by the sheriff according to the form of the Act of Assembly in such case made and provided.

8. That it does not appear by the record aforesaid that the six first named of the jurors aforesaid who tried the issues aforesaid were drawn or tried or elected, as by law they ought to have been.

9. That it does not appear by the record aforesaid how the said six first named of the said jurors were sworn or affirmed, the nature of the oath or affirmation not appearing.

10. That the judgment was rendered for plaintiff whereas it should have been rendered for defendant.

This case was submitted to the Court without argument.

CHANCELLOR RIDGELY (June 13).

[1. As to the first error assigned,] this is a declaration in the common form, and we perceive no error in it. It is sufficient to maintain this action.

2 and 3. The second and third errors assigned may be considered together. The plea is performance generally and specially. The plaintiff replied generally and specially. If this plea contains a proper bar, well pleaded, then the replications, generally and specially, are not double and insufficient. And so, according to the plea, the replication sets out a sufficiently special breach of the condition of the writing obligatory. The replications are proper, if the plea is good. The plea and replication were both admitted by the respective counsel in the court below; and in this general way, we must suppose that they, both in form and substance, are well pleaded. In our loose mode of proceeding, such pleas and replications ought not to be objected to on a writ of error. The party may, in court below, insist upon and demand formal and regular pleadings; and there all pleading ought to be done formally and according to the rules of special pleading. But supposing advantage might be taken of this kind of pleading here, yet as the defendant has made the first fault, judgment must be against him according to the following cases.

As if the count be bad, there shall be judgment against plaintiff though the plea is insufficient. As debt by administrator *durante minore aetate* of an executor after executor has attained full age; though plea bad, yet judgment against plaintiff for he has no cause of action. 5 Co. 29a, 5 Com.Dig., title "Pleader" 466, c. 1. But if it appears that plaintiff has no cause of action by the plea only, and not by declaration, and the plea is bad, plaintiff shall have judgment. 1 Lev. 184, Com.Dig., *idem*. Str. 302, if the plea is naught, and replication likewise, and defendant demurs, judgment shall be for plaintiff for first fault in plea. 5 Com.Dig. 467. *Vide* Doug. 90, *Boyce v. Whitaker*, Str. 302. If plaintiff does not demur to defendant's defective plea, but replies, and his replication shows that he has no cause of action, there shall be judgment against plaintiff; as in declaration on bond, if defendant pleads performance, and plaintiff assigns an insufficient breach, there shall be judgment against him though plea was defective, 5 Com.Dig. 468, c. 3; 2 Cro.Jac. 133; 8 Co. 133, 136; Lut. 609; Hob. 14.

4. This error is naught.

5. It does sufficiently appear by the record that the jurors were summoned and returned by the sheriff according to the form of the Act of Assembly, 4 Del.Laws 449, c. 158, s. 7. It is

not necessary the whole panel should be set out, nor that the time of the summons and qualifications of the jurors should be stated in the record. Enough appears to show that they were summoned by the sheriff and were the jury proper to try the issues in this cause. If the sheriff did not summon the jury according to the Act of Assembly, or if they had not the proper qualifications, these might then have been good cause of challenge; but the defendant cannot here question this jury. They were summoned, impannelled and returned by the sheriff, and this is enough. So the record states.

6 and 7. These two errors admit of the like answer as the fifth.

8. Error is that it does not appear that the said first six named of said jurors who tried the issues aforesaid were drawn, or tried, or elected as by law they ought to have been. Our Act of Assembly, 4 Del.Laws 449, c. 158, s. 8, in relation to drawing or electing the jury, is substantially the same as 3 Geo. II, c. 25, s. 11. Our Act, s. 11, makes provision for *tales de circumstantibus.* At trial at bar in England the writ for summoning *tales* is issued at common law; but at the assizes, or *nisi prius,* by virtue of the Statute 35, Hen. VIII, c. 6. The provision in Statute 35, Hen. VIII, is similar to our Act of Assembly. The record here is like the form in 3 Bl.Comm. 364, Appendix p. 9, and I conclude that the form is all right, and that it sufficiently appears that the first six were drawn. It is stated that they, the talesmen, come and together with the said (the first six) "the other jurors aforesaid impannelled and sworn or affirmed being elected tried and sworn"; now here the words "being elected tried and sworn" apply to the first six as well as to the talesmen, and consequently they all appear to have been drawn or elected. Besides, the 11th section of our Act may possibly leave some doubt as to drawing where a sufficient number does not appear without talesmen. See the similar form, 3 Ld. Raym. 24.

9. Error that it does not appear how the said first six named were sworn or affirmed, nor the nature of the oath or affirmation. The words, "being elected, tried and sworn or affirmed to speak the truth of and upon the premises," apply, as before observed, to the first six as well as to the *tales,* and consequently the oath appears to be rightly administered to all. There are two cases in Cro.Jac. 119, 207, which are direct authorities in relation to the drawing or electing the jury, because the British Acts of Parliament correspond with our Act of Assembly. *Vide* 3 Com. Dig. 632.

I am therefore of opinion that this judgment should be affirmed.

JOHNS, C. J., COOPER and DAVIS, Justices of the Supreme Court, concurred.

Judgment affirmed.[1]

---

[1] Ridgely adds here, "See the case of *John Wilds v. Elizabeth Green*, page 42, which ought to [come] next, immediately after this."   The editor has adopted his suggestion.